IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No. 7:16-cr-00057 |
| v. ) | |
| ) | |
| BARRY RAY MILES, JR., ) | By: Michael F. Urbanski |
| Defendant/Petitioner. ) | Chief United States District Judge |

## MEMORANDUM OPINION

Barry Ray Miles, Jr., a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, in which he challenges his 2017 conviction and sentence for brandishing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Having reviewed the record, the court concludes that Miles's motion was filed beyond the applicable one-year limitation period and that he has not shown that the untimeliness of the motion should be excused on the basis of actual innocence or equitable tolling. Therefore, the court will dismiss the motion as untimely.

I.

On May 12, 2017, Miles entered a plea of guilty to Counts Three and Four of a second superseding indictment. Plea Agreement, ECF No. 107, at 1. Count Three charged him with conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. 2d Superseding Indictment, ECF No. 34, at 2 (amended May 12, 2017). Count Four charged him with using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Id. at 2–3. In an agreed statement of facts filed in support of his plea, Miles acknowledged that "[a]t least eleven witnesses would testify to [him]

regularly carrying a firearm as part of his involvement in [the charged drug] conspiracy" and that "[m]ultiple witnesses would testify that Miles brandished a firearm on at least two occasions in furtherance of the ends of the conspiracy." Agreed Statement of Facts, ECF No. 108, at 2. Miles also acknowledged that he faced a mandatory minimum term of imprisonment of seven years for the firearm offense charged in Count Four and that such sentence must be served consecutively to any other sentence imposed. Plea Agreement at 1; see also 18 U.S.C. § 924(c)(1)(A) (providing that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, . . . shall, in addition to the punishment provided for such crime of violence or drug trafficking crime— . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years").

Miles appeared for sentencing on July 31, 2017. The court sentenced him to a total term of imprisonment of 240 months, consisting of 156 months on Count Three and 84 months on Count Four, to be served consecutively. J., ECF No. 135, at 2. Miles did not appeal his convictions or sentence.

On April 29, 2022, Miles executed the pending motion under § 2255 and placed it in the prison mailing system. Mot., ECF No. 295, at 12; see also Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a motion by a pro se prisoner is considered filed when it is delivered to prison authorities for mailing to the court). In the motion, Miles claims that his plea of guilty to the § 924(c) offense charged in Count Four was "unintelligent/involuntarily entered" and that he is "actually innocent due to [ineffective assistance of counsel]." Mot. at 13. More specifically, Miles alleges that his attorney "failed to explain the difference in the elements or

2

penalties for carry, use or brandish of a firearm" and that "he would not have pled guilty" if he had been properly advised. Id. at 14–15.

With regard to the timeliness of his motion, Miles argues that the motion should be deemed timely because he is "actually innocent of his conviction and consecutive sentence." Id. at 11. Miles further contends that the court should "hold him to a less stringent standard than professional lawyers." Id. Additionally, in response to a conditional filing order, Miles emphasizes that his motion was filed less than a year after the Supreme Court issued its decision in Borden v. United States, which held that offenses with a mens rea of recklessness do not require "the active employment of force against another person" and therefore "do not qualify as violent felonies under [the Armed Career Criminal Act, 18 U.S.C. § 924(e)]." 141 S. Ct. 1817, 1834 (2021). Relying on Borden, Miles argues that the firearm at issue in his case "was only displayed" and that it was not "actually fired or shot at someone with intent to use physical force." Resp. to Conditional Filing Order, ECF No. 297, at 2–3.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

In this case, the judgment was entered on August 3, 2017, the date on which it was docketed by the Clerk. See ECF No. 135; see also Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."). Miles's conviction became final on August 17, 2017, when his time to file an appeal expired. See Fed. R. App. 4(b)(1)(A) (giving a defendant fourteen days to file a notice of appeal in a criminal case); see also United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (noting that the defendant's federal convictions became final "upon the expiration of the fourteen-day period for filing a direct appeal) (citing Clay v. United States, 537 U.S. 522, 525 (2003)). Because Miles did not execute his § 2255 motion until April 29, 2022, the motion is clearly untimely under § 2255(f)(1).

The alternative accrual dates set forth in subsections (2) and (4) of § 2255(f) do not apply to Miles's motion. Miles does not suggest that governmental interference caused his delay in seeking relief under § 2255. Nor does he claim to have only recently discovered the factual basis for his motion. Instead, Miles attempts to invoke § 2255(f)(3) by arguing that his motion was filed within one year of the Supreme Court's decision in Borden. For the following reasons, however, the court concludes that this argument is without merit.

In order for a motion to qualify as timely under § 2255(f)(3), the court "must conclude that it relies on a right 'recognized' in [a] recent Supreme Court case." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017). If a cited case does not "recognize . . . any right helpful to

4

[the defendant]," it does not provide a valid basis for invoking § 2255(f)(3). Id.; see also United States v. Keyes, 280 F. App'x 700, 702 (10th Cir. 2008) (holding that the Supreme Court decision cited by a defendant did not satisfy the requirements of § 2255(f)(3) since it did not provide the defendant with any new right relevant to his conviction and instead "concerned different language in a different statute").

Contrary to Miles's assertion, the Supreme Court's recent decision in Borden is inapplicable to his conviction under § 924(c) and therefore does not recognize "any right helpful to him." Brown, 868 F.3d at 301. As indicated above, Miles was convicted of brandishing a firearm during and in relation to the drug conspiracy charged in Count Three of the second superseding indictment. Because the predicate offense for Miles's § 924(c) conviction was a drug trafficking crime and not a crime of violence, his conviction is plainly unaffected by Borden's interpretation of the term "violent felony" in the ACCA. See, e.g., United States v. Jackson, No. 4:15-cr-00867, 2022 U.S. Dist. LEXIS 84219, at *4 (D.S.C. May 10, 2022) ("Defendant's § 924(c) conviction was in relation to a 'drug trafficking crime,' and not an underlying crime of violence. Thus, the Borden analysis of the mens rea required to substantiate a 'violent felony' under § 924(e) has no relevance here."). Consequently, Miles's motion cannot be deemed timely under § 2255(f)(3).

Miles alternatively argues that his failure to file a timely motion should be excused on the basis of actual innocence. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (holding that a defendant who demonstrates actual innocence of his crime of conviction may proceed with a habeas petition that otherwise would be statutorily time-barred). To establish actual innocence in this context, a petitioner must "support his allegations of constitutional error

with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented [previously]." Schlup v. Delo, 513 U.S. 298, 324 (1995). The petitioner must also demonstrate that the "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 395 (alteration in original) (quoting Schlup, 513 U.S. at 329). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Here, Miles does not point to any new evidence demonstrating that he is factually innocent of brandishing a firearm during and in relation to a drug trafficking crime, in violation of § 924(c). He merely claims that a firearm was "only displayed" and not "actually fired or shot at someone." Resp. to Conditional Filing Order at 2. In making this argument, Miles ignores the statutory definition of the term "brandish," as well as the Supreme Court's interpretation of the term "use." See 18 U.S.C. § 924(c)(4) ("For purposes of this subsection, the term 'brandish' means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person."); Bailey v. United States, 516 U.S. 137, 148 (1995) (explaining that "use" of a firearm for purposes of § 924(c) is not limited to "firing or attempting to fire a firearm" but also includes "brandishing" or "displaying" a firearm). Because Miles has not provided any new evidence showing that it is more likely than not that no reasonable juror would have convicted him of violating § 924(c), he is not entitled to the actual-innocence exception to the timeliness requirement.

Miles has also failed to establish any basis for equitable tolling of the one-year filing deadline. Under existing precedent, "equitable tolling is appropriate in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). A litigant qualifies for equitable tolling only if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). "Equitable tolling has long been considered an extraordinary remedy in [the Fourth Circuit], and litigants face a considerable burden to demonstrate that it applies." CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Miles does not identify any extraordinary circumstance that prevented him from filing his motion in a timely manner. He simply requests that the court "hold him to a less stringent standard than professional lawyers." Mot. at 11. The mere fact that Miles is proceeding pro se, however, does not entitle him to equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

### III.

For the reasons stated, the court concludes that Miles's § 2255 motion was filed beyond the applicable one-year limitation period. Because Miles has not shown that the untimeliness

7

of the motion should be excused on the basis of actual innocence or equitable tolling, the court will dismiss the motion as untimely. An appropriate will be entered.

Entered: June 27, 2022

Michael F. Urbanski
Chief United States District Judge