CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 26, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 7:16-cr-00057** |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **BARRY RAY MILES, Jr.,** | ) | **Senior United States District Judge** |
| **Defendant-Petitioner** | ) | |

**MEMORANDUM OPINION**

On November 17, 2025, Barry Ray Miles, Jr., proceeding pro se, filed a motion asking the court to appoint the Federal Public Defender (FPD) to help him file a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Miles stated that he believed he was entitled to a reduced sentence under United States Sentencing Guidelines (USSG or guidelines) §§ 2D1.1(a)(5), 2D1.1(e)(2), and 4A1.2(a)(2). Mot., ECF No. 337.[1] The court appointed the FPD to review Miles' motion and she filed a notice of no supplemental filing on April 16, 2026. ECF No. 344. The United States filed a response in opposition to Miles' motion on May 18, 2026. ECF No. 345. As set forth below, the court **DENIES** Miles' motion for a sentence reduction.

**I. Background**

On January 12, 2017, Miles and two codefendants were charged with crimes related to guns and drugs. Second Superseding Indictment, ECF No. 34. Miles was charged with conspiring to distribute 500 grams or more of a mixture and substance containing a detectable

[1] In his motion, Miles asked for counsel to be appointed to help with a claim for compassionate release, which would be analyzed under 18 U.S.C. § 3582(c)(1)(A). However, because he is claiming that he is entitled to a sentence reduction based on changes to the sentencing guidelines, it appears that he is seeking relief under 18 U.S.C. § 3582(c)(2) and his motion is assessed under that subsection of the statute.

amount of methamphetamine, and possessing with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count Three); using and brandishing a firearm during and in relation to a drug trafficking crime, namely, as alleged in Count Three, all in violation of 18 U.S.C. § 924(c) (Count Four); and knowingly and intentionally distributing a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Five). Id.

On May 12, 2017, Miles entered into a Rule 11(c)(1)(C) plea agreement in which he pled guilty to Counts Three and Four. Plea Agreement, ECF No. 107 at 1. The parties agreed to a sentence of between 204 and 240 months. Id. at 2.

On Count Three, he faced a statutory term of 10 years to life and a guidelines range of 188 to 235 months. 18 U.S.C. §§ 841(b)(1)(A,) and 846; Presentence Investigation Report (PSR), ECF No. 137 ¶¶ 93, 94. The guidelines range was based on the drug weight amount of 500 grams of methamphetamine, which gave Miles a base offense level of 34, reduced by three levels for acceptance of responsibility to a total offense level of 31. His offense level of 31 along with his criminal history category of VI rendered a sentencing range of 188 to 235 months. PSR, ECF No. 137 ¶¶ 19–28, 94; USSG § 2K2.4(b).

On Count Four, Miles faced a statutory sentence of seven years to life and a guidelines sentence of 84 months. PSR, ECF No. 137 ¶¶ 93, 94; 18 U.S.C. § 924(c). The term of imprisonment on Count Four was to be imposed consecutively to any other counts. Id. ¶ 93; 18 U.S.C. § 924(c)(1)(D)(ii).

On July 31, 2017, Miles was sentenced to a term of 156 months on Count 3 and 84 months on Count 4, to run consecutively, for a total of 240 months, to be followed by a 5-year term of supervised release. J., ECF No. 135. Miles has been in custody since November 16, 2016, and has a projected release date of August 29, 2034.[2]

**II. Analysis**

Section 3582(c)(2) provides that a court may modify a term of imprisonment if the defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) and after considering the factors set forth in section 3553(a) to the extent they are applicable, and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable policy statement is found at USSG § 1B1.10 and directs that a court "must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon v. United States, 560 U.S. 817, 826 (2010).

The Sentencing Commission designates the amendments that may be applied retroactively by listing them in § 1B1.10(d). United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015). A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore may not be applied retroactively if the amendment authorizing the reduction is not listed in § 1B1.10(d). USSG § 1B1.10(a)(2)(A). In other words, the court can only apply the revised guidelines if the Sentencing Commission has made the amendment retroactive, which it indicates by listing it in § 1B1.10(d).

[2] https://www.bop.gov/inmateloc//index.jsp (search term "Barry Ray Miles") (last viewed Aug. 6, 2026).

**A. Amendment 833**

Miles seeks a sentence reduction under Amendment 833, which, in relevant part, revised USSG § 2D1.1(a)(5) to amend the mitigating role provisions to refine the drug trafficking guideline in cases where an individual receives an adjustment under §3B1.2. USSG App. C, Vol. IV at 296 (Nov. 1, 2025). The Sentencing Commission explained the following:

> The amendment expands the circumstances in which an adjustment under §3B1.2 is warranted in §2D1.1 cases by instructing courts that an adjustment is generally warranted if the defendant's "primary function" in the offense was performing a low-level trafficking function. Section 2D1.1(e)(2)(A) directs the court to determine whether an adjustment under §3B1.2 applies as a court already does under the Guidelines Manual. Section 2D1.1(e)(2)(B) then provides that, in addition to the circumstances identified in §3B1.2, an adjustment under §3B1.2 is generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function. Thus, a defendant sentenced under §2D1.1 may qualify for a mitigating role adjustment under §3B1.2 by direct application of that adjustment or by use of the special instruction in §2D1.1(e)(2)(B).

Id. at 297. Although Miles did not elaborate in his motion, it appears that he is asking for a sentence reduction based on his performing a low-level trafficking function in the conspiracy.

Miles' claim fails for two reasons. First, Amendment 833 is not listed at USSG § 1B1.10(d), meaning that it was not made retroactive and therefore cannot serve as the basis for a sentence reduction under 18 U.S.C. § 3582(c)(2). United States v. Guzman-Dominguez, No. 2:16-cr-0580-RB, 2026 WL 1465467, at *2 (D.N.M. May 26, 2026); United States v. Seigler, Nos. 1:16CR00041-005, 1:17CR00034-001, 2026 WL 353239, at *1 (W.D. Va. Feb. 9, 2026) (citations omitted).

Second, even if the revision were made retroactive, Miles would not be entitled to a finding that he was performing a low-level trafficking function. "Low-level" functions are described as serving as a courier, running errands, sending or receiving phone calls or messages, acting as a lookout, and distributing controlled substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit. USSG § 2D1.1(e)(2)(B). The agreed statement of facts, signed as part of the plea agreement, states that evidence would establish that Miles sold methamphetamine to a confidential informant on one specific occasion and also stated that witnesses would testify as to Miles' involvement in locating and maintaining sources of supply of methamphetamine, the various locations he would use for his distribution activities, and the quantities and frequency of the transactions. In addition, the evidence would establish that at the times Miles was incarcerated, one of his co-defendants would maintain the drug business through Miles' telephone. Agreed Stmt. of Facts, ECF No. 108. These activities do not indicate that Miles performed a low-level trafficking function in the conspiracy. Therefore, even if Amendment 833 were applied retroactively, the adjustment for low-level traffickers would not be applicable to Miles. Accordingly, his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is **DENIED**.

**B. Amendment 832**

Miles also believes that he is entitled to a sentence reduction under USSG § 4A1.2(a)(2), which was modified by Amendment 832 to address a circuit conflict over whether a traffic stop is an "intervening arrest" for purposes of determining whether multiple prior sentences should be counted separately or treated as a single sentence when assigning criminal history points. USSG App. C, Vol. IV at 293 (Nov. 1, 2025). Amendment 832 is not listed at USSG

§ 1B1.10(d), meaning that it was not made retroactive and therefore cannot serve as the basis for a sentence reduction under 18 U.S.C. § 3582(c)(2). United States v. Navarette, No. 5:23-cr-652-MIS, 2026 WL 734591, at *1 (D.N.M. Mar. 16, 2026). In addition, even if Amendment 832 were applied retroactively, Miles does not describe how it would result in a shorter sentence for him. He had 22 criminal history points and 2 additional points for committing his current offense while under a criminal justice sentence for possession of cocaine, for a total of 24 points. PSR, ECF No. 137 ¶¶ 32–60. Miles does not explain how application of the revised guideline would have affected his sentence and it is not apparent to the court upon review of his PSR. Accordingly, Miles' claim for relief based on USSG § 4A1.2(a)(2) is **DENIED**.[3]

**III. Conclusion**

For the reasons discussed, the court **DENIES** Miles' motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), ECF No. 337.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 26, 2026

Mike Urbanski
Senior U.S. District Judge
2026.08.26 09:07:56
-04'00'

Michael F. Urbanski
Senior United States District Judge

[3] Because the court finds that Miles is not entitled to relief under 18 U.S.C. § 3582(c)(2), it does not address the 18 U.S.C. § 3553(a) factors.